IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOLI SYARIEF PULUNGAN,

                    Plaintiff,

    v.

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN,

                    Defendants.

OPINION AND ORDER

11-cv-575-wmc

---

In this proposed civil action, *pro se* plaintiff Doli Syarief Pulungan seeks restitution after his conviction for conspiring to violate the Arms Control Export Act was reversed by the Court of Appeals for the Seventh Circuit. Since Pulungan has been allowed to proceed without prepayment of costs and fees in this action, the court is obligated to determine whether his proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). After considering Pulungan's complaint, the court will dismiss the case.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In the complaint, Pulungan alleges -- and the court assumes for purposes of this screening order -- the following

facts:[1]

- Plaintiff Doli Syarief Pulungan was charged by the federal government with one count of conspiring to violate the Arms Control Export Act, 22 U.S.C. § 2278, and one count of making false statements in violation of 18 U.S.C. § 1001.  On May 6, 2008, a jury found Pulungan guilty on the first count and not guilty on the second.

- Pulungan's conviction on the first count was reversed by the Court of Appeals for the Seventh Circuit, which found that the evidence was insufficient to find beyond a reasonable doubt that petitioner had violated the statute "willfully." By then, however, petitioner had already served about 23 months in custody (both before and after his trial).

- As a result of his imprisonment, Pulungan lost his business and many of his belongings were sold to pay his business debts.

OPINION

As an initial matter, the court notes that plaintiff Pulungan has not listed a proper defendant; rather, he lists as the "defendant" the phrase "In the United States District Court for the Western District of Wisconsin."  Even assuming that Pulungan meant to name the court itself as the defendant, he cannot do so.  Indeed, the court is absolutely immune from suit, as are its judges, at least when acting in their judicial role, as Judge Crabb was certainly doing with regard to the conduct of plaintiff's trial and sentencing.

Pulungan *can* file a civil suit against the government for wrongful imprisonment, but such a suit must be filed in the Court of Federal Claims.  28 U.S.C. § 1495.  The prerequisite for filing this type of suit is that plaintiff obtain a certificate of innocence from the sentencing court.  28 U.S.C. § 2513.  A review of Pulungan's criminal case, no. 07-cr-144-

---

[1]  Pulungan's factual allegations are supplemented by the docket of his criminal case in this court, Case No. 07-cr-144-bbc.

bbc, shows that he has already obtained a certificate of innocence from Judge Crabb.  In addition, court records show that Pulungan has filed a wrongful imprisonment claim with the Court of Federal Claims, *Pulungan v. United States,* no. 12-cv-743, and that case is pending.  Because Pulungan cannot seek relief in this court and is already proceeding on his case in the Court of Federal Claims, this case will be dismissed as moot.

ORDER

IT IS ORDERED that this case is DISMISSED as moot.

Entered this 25th day of January, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge